# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Liliana Arguello, on behalf of herself and others similarly situated | Case No. 16-cv-4685 |
| Plaintiff, | |
| v. | |
| Chilo and Chela, Inc., and Monica Sanchez | |
| Defendants. | Jury demanded on all counts so triable |

## COMPLAINT

Plaintiff Liliana Arguello ("Plaintiff"), through her attorneys, for her Complaint against Chilo y Chela, Inc., and Monica Sanchez (collectively "Defendants"), state as follows:

## INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") (1) failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek and (2) failure to pay all earned wages for all time worked at the rates agreed upon by the parties.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. At all relevant times herein, Plaintiff Liliana Arguello resided in and was domiciled within this judicial district.

4. At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5. At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of his employment, Plaintiff worked as a "restaurant worker" for Defendants.

7. At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8. Defendants have had two or more employees, including Plaintiff, who handle goods that moved in interstate commerce.

9. Defendant Chilo y Chela, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Defendant Chilo y Chela, Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10. At all relevant times herein, Chilo y Chela, Inc., was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

11. Defendant Monica Sanchez is an officer and principal shareholder of Defendant Chilo y Chela, Inc., and was involved in the day to day business operation of Defendant Chilo y Chela, Inc., Defendant Monica Sanchez had the authority to hire and fire persons employed by Defendant Chilo y Chela, Inc., including the Plaintiff; the authority to direct and supervise the work of Defendant Chilo

y Chela, Inc., employees; the authority to sign on Defendant Chilo y Chela, Inc., checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12. Defendant Monica Sanchez was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

## COUNT I

### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff incorporates and realleges paragraphs 1 through 13 of this Complaint as though fully set forth herein.

14. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiff at a rate of one and one half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

15. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

16. During the course of her employment with Defendants, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

17. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

18. Defendants did not compensate Plaintiff at the rate of one and one half time their regular rate for all time worked in excess of forty (40) hours in individual work weeks.

19. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

20. Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

21. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

> A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;
>
> B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;
>
> C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and
>
> D. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the Illinois Minimum Wage Law-Overtime Wages

Plaintiff incorporates and realleges paragraphs 1 through 21 of this Complaint as though fully set forth herein.

22. This Count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay overtime wages to Plaintiff at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

23. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

24. During the course of their employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

25. Pursuant to 820 ILCS 105/4(a), Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

26. Defendants did not compensate Plaintiff at the rate of one and one half time their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

27. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

28. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III

**Violation of the Illinois Wage Payment and Collection Act – Earned Wages**

Plaintiffs incorporate and realleges paragraphs 1 through 28 of this Complaint as though fully set forth herein.

29. This Count arises from Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/5.

30. During the course of Plaintiff's employment by Defendants, the parties had an agreement that Defendants would compensate Plaintiff at agreed upon rates for all time worked.

31. Defendants did not compensate Plaintiff at the rate agreed to by the Parties for all time worked.

32. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed upon by the parties.

33. Defendants' failure to compensate Plaintiff for all time worked at the rate agreed to by the parties was a violation of the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of all back wages due, as provided by the IWPCA;

    B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

    D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff;

Respectfully submitted,

/s/ Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: June 22, 2017